**ADVOCATES FOR WORKER RIGHTS LLP**
MARCO A. PALAU (Bar No. 242340)
    marco@advocatesforworkers.com
JOSEPH D. SUTTON (Bar No. 269951)
    jds@advocatesforworkers.com
ERIC S. TRABUCCO (Bar No. 295473)
    est@advocatesforworkers.com
212 9th Street, Suite 314
Oakland, California 94607
Telephone: (510) 269-4200

Attorneys for Plaintiff
*(Additional Counsel on pp. ii)*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

JENNY QUIROZ, on behalf of herself, all other similarly situated individuals, and the State of California,

            Plaintiff,

    vs.

ADS-MYERS, INC., a Nevada Corporation, KAROLINE MYERS, an individual, and DOES 1-20,

            Defendants.

Case No.

**CLASS ACTION COMPLAINT FOR:**

1.  Failure to Pay Overtime Wages in Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*
2.  Failure to Pay Minimum Wages in Violation of California Labor Code § 1194;
3.  Failure to Pay Overtime Wages in Violation of Labor Code § 510;
4.  Failure to Pay Wages Weekly or Twice Monthly, in Violation of Labor Code §§ 204 and 204b;
5.  Failure to Provide Meal Periods or Pay Premium Wages in Lieu Thereof, in Violation of California Labor Code §§ 226.7 and 512;
6.  Failure to Provide Rest Breaks or Pay Premium Wages in Lieu Thereof, in Violation of California Labor Code § 226.7;
7.  Failure to Reimburse Expenses in Violation of California Labor Code § 2802;
8.  Failure to Furnish Accurate Itemized Wage Statements, in Violation of California Labor Code § 226;
9.  Failure Timely to Pay Final Wages at Resignation or Termination, in Violation of California Labor Code §§ 201, 202 and 203;
10. Violation of the Unfair Competition Law ("UCL"), California Business & Professions Code §§ 17200, *et seq.*; and

**LEVY VINICK BURRELL HYAMS LLP**
SHARON R. VINICK (Bar No. 122914)
  sharon@levyvinick.com
HILARY P. HAMMELL (Bar No. 291347)
  hilary@levyvinick.com
180 Grand Avenue, Suite 1300
Oakland, CA 94402
Telephone: (510) 318-7700
Facsimile:  (510) 318-7701

**LAW OFFICES OF REBECCA G. KAGIN**
REBECCA G. KAGIN (Bar No. 249987)
  rkagin@rkaginlaw.com
6 C Street
Petaluma, CA 94952
Telephone: (707) 765-1111
Facsimile:  (707) 669-4457

Attorneys for Plaintiff

JENNY QUIROZ ("PLAINTIFF" or "QUIROZ"), for herself, the State of California, and all other similarly situated employees, complains and alleges upon personal knowledge and on information and belief as follows:

## I. <u>INTRODUCTION</u>

1.     PLAINTIFF brings this action on behalf of herself, other similarly situated workers and the State of California against Defendant ADS-MYERS, INC. ("ADS-MYERS") and Defendant KAROLINE MYERS ("K. MYERS") (collectively "DEFENDANTS"). The action is brought as a class action pursuant to Federal Rule of Civil Procedure 23, a class action (or collective action) under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), and a representative action under the Private Attorneys General Act, California Labor Code §§ 2699 *et seq.* (the "PAGA").

2.     PLAINTIFF seeks to represent all other similarly situated non-exempt janitorial employees who performed labor for DEFENDANTS in California during the period four (4) years prior to the filing of the initial complaint in this action through the date of this action's final disposition (the "Rule 23 Class").

3.     PLAINTIFF also seeks to represent a FLSA opt-in class comprised of non-exempt janitorial employees of DEFENDANTS who worked more than 40 hours in any given workweek within four (4) years from the filing of the initial complaint in this action through the date of the action's final disposition (the "FLSA Class").

4.     Members of the Rule 23 Class and the FLSA Class shall be referred to collectively as "Class Members" or the "Class."

5.     PLAINTIFF seeks to enforce California's labor and employment laws and to collect civil penalties on behalf of themselves, the State of California, and other aggrieved employees (including all non-exempt employees) (hereinafter referred to as the "PAGA Workforce") under PAGA. Pursuant to Labor Code § 2699.3, PLAINTIFF is statutorily authorized to act on behalf of the State of California to enforce the state's labor and employment laws and collect civil penalties because they have given written notice to the DEFENDANTS and the Labor and Workforce Development Agency ("LWDA") of the alleged California Labor Code and Wage Order violations, and the facts and theories supporting those

violations. PLAINTIFF seeks to hold DEFENDANTS and other persons who violated or caused violations of the California Labor Code and Wage Orders liable for civil penalties owed to the State of California, PLAINTIFF, and the PAGA Workforce.

6.     PLAINTIFF brings this action to recover unpaid wages, interest, statutory damages and civil penalties based on DEFENDANTS' violation of PLAINTIFF's rights under the FLSA, the California Labor Code, and the provisions of California's Industrial Welfare Commission ("IWC") Wage Order 5.

7.     Within four (4) years from the initial filing of this action, DEFENDANTS have engaged in widespread exploitation of janitorial workers resulting in systematic wage theft and brazen violation of Federal and California law. Through that time, DEFENDANTS have enforced unlawful labor and payroll practices designed to cheat workers out of wages, shift business costs onto workers, and gain an unfair advantage against other janitorial companies in the marketplace.

8.     At all times relevant to this action, DEFENDANTS failed to compensate PLAINTIFF and Class Members for all hours worked at the applicable minimum and/or contractual wage rates; failed to compensate PLAINTIFF and Class Members for overtime hours at the required premium rates; failed to provide PLAINTIFF and the Class with meal periods or premium wages in lieu thereof; failed to provide PLAINTIFF and the Class with paid rest breaks or premium wages in lieu thereof; failed to reimburse PLAINTIFF and Class Members for all necessary business expenses; failed to compensate PLAINTIFF and Class Members on a semi-monthly, bi-weekly or weekly basis, in violation of California law; failed to provide PLAINTIFF and Class Members wage statements accurately stating total hours worked, any piece rate units earned, gross and net wages earned, all applicable hourly rates and corresponding hours at those rates, all applicable piece rates, separate pay for rest breaks and/or nonproductive time, and all used, available and accrued paid sick days; and failed to pay all wages owed within the timeframes required for resigned or terminated employees.

9.     PLAINTIFF alleges that DEFENDANTS practices violate the FLSA and the California Labor Code, constitute predicate unlawful and unfair business practices in violation of California's Unfair Competition Law (hereinafter "UCL"), California Business & Professions Code §§ 17200 *et seq.*, and constitute predicate violations of the California Labor Code and Wage Orders giving rise to civil penalties under the PAGA.

10.     PLAINTIFF further complains that DEFENDANTS' violation of state and federal labor laws are unlawful acts which have afforded DEFENDANTS an unfair competitive advantage in violation of the UCL.  Pursuant to that statutory scheme, PLAINTIFF seeks restitution and injunctive remedies barring those practices.

11.     PLAINTIFF also seeks reasonable attorneys' fees and costs pursuant to, *inter alia*, 29 U.S.C. § 216(b); California Labor Code §§ 226(e) & (h), 1194(a), 2802(b)-(c), and 2699(f); and California Code of Civil Procedure § 1021.5.

12.     At all times relevant to this action, DEFENDANTS' conduct has been willful and in reckless disregard of the rights of PLAINTIFF and Class Members. On information and belief, DEFENDANTS have been on notice of the alleged illegalities, but have deliberately continued the illegal payroll, timekeeping and compensation practices alleged in this suit. This action is brought not only to recover wages owed, but also to enforce federal and state labor laws, restore ill-gotten gains and deter DEFENDANTS from further illegal conduct. PLAINTIFF seeks all remedies available to themselves, to the Class, and to the PAGA Workforce.

## II.     JURISDICTION & VENUE

13.     This Court has jurisdiction over the subject matter and parties in this action pursuant to the following provisions:

        A.  28 U.S.C. § 1331 (federal question);

        B.  29 U.S.C. § 216(b) (FLSA); and

        C.  29 U.S.C. § 1367 (Supplemental).

14.     This Court also has supplemental jurisdiction over the state law claims under the California Labor Code and California Unfair Competition Law because they are part of the same case or controversy and are so related to PLAINTIFF's federal claims that they share common operative facts regarding DEFENDANTS' compensation, payroll and timekeeping practices.  Resolving all state and federal claims in a single action serves the interest of judicial economy, convenience, and fairness to the parties.

15.     Venue is proper in the United States District Court, Northern District of California pursuant to 28 U.S.C. § 1391(b)(2) and 29 U.S.C. § 1854(a) because a substantial part of the events and omissions giving rise to PLAINTIFF's claims occurred in this District and because the Court has personal

1  jurisdiction over DEFENDANTS.

2  ## III.   INTRADISTRICT ASSIGNMENT

3      16.    This case is properly assigned to the San Francisco or Oakland Divisions of this Court

4  because the action or a substantial portion thereof arises within the Counties covered by the San Francisco

5  and Oakland Divisions of the Northern District, including Sonoma County. N.D. Cal. L.R. 3-2(d).

6  ## IV.   PARTIES

7      17.    At all times relevant to this action, Plaintiff JENNY QUIROZ ("QUIROZ") has been an

8  individual over the age of 18 and resident of the State of California.

9      A.    DEFENDANTS compensated QUIROZ on a monthly basis, instead of paying her

10     twice per month, bi-weekly or weekly as required by California law.

11     B.    QUIROZ regularly worked more than eight (8) hours in a workday (typically

12     working from approximately 6:00 p.m. to 4:00 a.m.), but did not receive overtime pay at

13     the rate of 1.5 times the regular rate of pay for hours worked in excess of eight (8) hours in

14     a workday.

15     C.    QUIROZ worked more than 40 hours per workweek without receiving overtime

16     wages at the rate of 1.5 times the regular rate of pay for hours worked in excess of 40 hours

17     per workweek.

18     D.    DEFENDANTS failed to record the start and end of QUIROZ' work periods, meal

19     periods and rest periods, and failed to compensate QUIROZ for all hours worked, whether

20     that work was required or suffered or permitted.

21     E.    DEFENDANTS failed to relieve QUIROZ of all duty for timely, uninterrupted

22     meal periods of at least 30 minutes or a second meal period for shifts greater than 10 hours

23     in a workday.

24     F.    DEFENDANTS failed to authorize and permit QUIROZ to take rest breaks of at

25     least 10 minutes free of duty during the workday.

26     G.    DEFENDANTS failed to pay QUIROZ premium wages for rest breaks and meal

27     periods that were not provided.

28     H.    DEFENDANTS provided wage statements that failed to state, or inaccurately state,

4

the total hours worked, all applicable rates of pay, the gross and net wages earned and available sick pay.

I.      DEFENDANTS denied QUIROZ reimbursement for mileage and other expenses incurred in the discharge of her duties.

J.      DEFENDANTS terminated QUIROZ on or about July 8, 2019 and failed to pay her all wages owed immediately upon termination, including wages for all "hours worked," overtime wages, and premium rest and meal period wages.

18.     QUIROZ was employed by Defendant ADS-MYERS, INC. as a non-exempt employee in California within the Class Period from approximately July 2018 to July 2019.

19.     At all times relevant to this action, QUIROZ performed janitorial duties for DEFENDANTS at various locations within this District, including the cleaning and maintenance of buildings and facilities of the County of Sonoma and City of Santa Rosa, such as railroad depots, parking garages and a variety of other public structures.

20.     QUIROZ is an aggrieved employee within the meaning of California Labor Code § 2699 who has lost money or property as a result of DEFENDANTS' conduct described herein.

21.     Defendant ADS-MYERS, INC. is a Nevada Corporation that provides janitorial and building maintenance services. Its address is 1390 Centerville Lane, Unit D, Gardnerville, NV 89410. The company CEO and Agent for Service of Process is Karoline Myers, whose address is listed as 220 Nevada Rd, Woodfords, CA 96120.  ADS-MYERS claims to be a "GSA Schedule holder...working with the Veterans Administration, General Services Administration (GSA) Public Buildings, USDA Forest Service, Federal Aviation Administration, National Weather Service, Department of the Army, BLM, and other commercial facilities as well." *See* www.adsmyers.com/about.html.

22.     At all times relevant to this action, ADS-MYERS employed PLAINTIFF and Class Members and did business in California, including in Counties within this district.

23.     On information and belief, Defendant KAROLINE MYERS is a resident of California and founder and CEO of ADS-MYERS.

24.     PLAINTIFF is informed and believes and thereon alleges that K. MYERS violated or caused violations of the California Labor Code and Wage Orders alleged herein by authoring, authorizing

and enforcing the compensation, payroll and labor practices complained of, including the practice of failing to record and compensate all hours worked, failing to pay overtime wages, failing to provide paid rest breaks and meal periods or premium wages in lieu thereof, failing to reimburse business expenses and failing to provide accurate wage statements.  PLAINTIFF alleges that K. MYERS is liable for Labor Code and Wage Order violations under California Labor Code § 558 for violating or causing the violations described in this complaint.

25.    DEFENDANTS operate an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r)-(s) and related Department of Labor regulations.

## V.    **GENERAL ALLEGATIONS**

26.    On information and belief, at all times relevant to this action ADS-MYERS has provided building maintenance and janitorial services and employed PLAINTIFF and Class Members.

27.    DEFENDANTS assigned PLAINTIFF and Class Members to perform janitorial and maintenance labor at various facilities and locations in Northern California.

28.    At all times relevant to this action, DEFENDANTS directed PLAINTIFF and Class Members to work according to DEFENDANTS' schedules.

29.    PLAINTIFF is informed and believe and thereon allege that DEFENDANTS entered contracts with entities, including government entities and municipalities, that set forth the locations of the work performed, detailed the frequency of janitorial/maintenance services provided, and described the cleaning and maintenance that PLAINTIFF and Class Members were to perform.

30.    PLAINTIFF is informed and believe and thereon allege that DEFENDANTS agreed in their contracts with clients to comply with all state and federal laws pertaining to the employment of workers, including the payment of wages and the provision of paid rest breaks and meal periods to PLAINTIFF and Class Members.

31.    At all times relevant to this action, DEFENDANTS have maintained and enforced a practice or policy of paying PLAINTIFF a flat rate based upon the building, or number of buildings, in which they worked, instead of paying PLAINTIFF for each hour worked.

32.    At all times relevant to this action, DEFENDANTS have maintained and enforced a practice or policy of paying PLAINTIFF and, on information and belief, Class Members on a monthly

basis instead of weekly, semi-monthly or bi-weekly, as required by California Labor Code §§ 204 and 204b.

33.     At all times relevant to this action, DEFENDANTS have failed to institute a practice or policy of recording accurately the start and end of work periods, meal periods and rest periods with respect to PLAINTIFF and, on information and belief, Class Members, in violation of Wage Order 5, Subd. 7(A).

34.     DEFENDANTS have similarly failed to comply with the record-keeping requirements of California Labor Code § 1174 and 29 C.F.R. § 516.2(a).

35.     PLAINTIFF and, on information and belief, Class Members were scheduled to work and did perform work that was not compensated. At all times relevant, DEFENDANTS practice and policy has been to provide compensation for only a fraction of the "hours worked," as the term is defined under the FLSA and Wage Order 5.

36.     PLAINTIFF and, on information and belief, Class Members are denied compensation for all hours worked, including compensation for hours that are unrecorded, hours that are recorded but still unpaid, and hours in excess of eight (8) hours in a workday and 40 hours in a workweek.

37.     DEFENDANTS failed to compensate PLAINTIFF and Class Members for all work activities and compensable work time, including time spent moving or traveling between buildings and facilities during the workday and time that DEFENDANTS as a matter of practice or policy do not compensate.

38.     DEFENDANTS knew or should have known that PLAINTIFF and, on information and belief, Class Members worked more than 40 hours in workweeks without receiving overtime pay. DEFENDANTS' failure to pay overtime for hours in excess of 40 hours in a workweek was willful.

39.     At all times relevant to this action, DEFENDANTS failed to relieve PLAINTIFF and, on information and belief, Class Members of all duty for 30-minute, uninterrupted and timely (within the first five hours from the start of the shift) meal periods.

40.     Meal periods were neither scheduled nor recorded, and DEFENDANTS discouraged workers from taking timely, off-duty meal periods.

41.     DEFENDANTS failed to pay PLAINTIFF and, on information and belief, Class Members meal period wages at the regular rate of pay, pursuant to Labor Code §§ 226.7 and 512.

42.     At all times relevant to this action, DEFENDANTS failed to authorize and permit PLAINTIFF and, on information and belief, Class Members to take rest breaks during which they were entirely relieved of their duties for at least 10 minutes. As a matter of practice and policy, DEFENDANTS failed to schedule or provide one off-duty rest break for shifts greater than 3.5 hours up to six hours, two breaks for shifts greater than six hours up to 10 hours, and three breaks for shifts greater than 10 hours and so on.

43.     DEFENDANTS failed to pay PLAINTIFF and, on information and belief, Class Members rest break wages at the regular rate of pay, pursuant to Labor Code § 226.7 and Wage Order 5.

44.     At all times relevant to this action, PLAINTIFF and, on information and belief, Class Members were required to incur expenses without reimbursement to carry out their job duties, including the use of vehicles to travel between facilities and buildings during the workday, purchase cleaning supplies, supply their own equipment, and the use of personal cell phones to communicate with DEFENDANTS, among other expenses, in violation of California Labor Code § 2802.

45.     DEFENDANTS failed to reimburse PLAINTIFF and, on information and belief, Class Members for expenses reasonably incurred, as required by California Labor Code § 2802.

46.     DEFENDANTS failed to provide PLAINTIFF and, on information and belief, Class Members with accurate itemized wage statements showing all applicable rates of pay, the hours worked, whether workers are paid on a piece-rate basis, the gross and net wages owed, and available sick pay.

47.     DEFENDANTS failed to pay PLAINTIFF and, on information and belief, Class Members whose employment with DEFENDANTS terminated within the Class Period, all wages owed to them timely upon separation from employment. PLAINTIFF and, on information and belief, Class Members did not receive payment of all wages, including wages for all hours worked, overtime wages, and meal period and rest break premium wages, within the timeframes permissible for resigned, laid off, and/or terminated employees.

48.     On information and belief, the abuses suffered by PLAINTIFF were in no way unique to her but were instead widespread and systemic and the result of a common policy or plan. On information and belief, at all times relevant to this action, DEFENDANTS engaged in a uniform policy and systematic scheme of wage abuse against non-exempt janitorial workers within the State of California which resulted

in the violations of the California Labor Cod and Wage Orders alleged herein.

49.    PLAINTIFF further alleges that DEFENDANTS failure to pay overtime wages for hours in excess of 40 in a workweek was in no way unique to her, but was part of a widespread and systematic scheme or plan to cheat workers out of wages in willful violation of the FLSA.

## VI.    CLASS ACTION ALLEGATIONS

50.    PLAINTIFF brings this action individually and on behalf of a Class to recover overtime under the FLSA. PLAINTIFF seeks to represent a FLSA Opt-In Class defined as follows:

> FLSA Overtime Class: All non-exempt employees who have performed janitorial or maintenance work for Defendants and have worked more than 40 hours in any workweek within four (4) years prior to the filing of the initial complaint in this action through the date of this action's final disposition.

51.    PLAINTIFF, who hereby Opt-Ins as a plaintiff in the FLSA Overtime Class, intends to seek conditional certification of the FLSA Overtime Class as soon as practicable.

52.    PLAINTIFF also brings this action individually and as a class action under Federal Rule of Civil Procedure 23 on behalf of the following class:

> All non-exempt employees who have performed janitorial or maintenance work for Defendants in California within four (4) years prior to the filing of the initial complaint in this action through the date of this action's final disposition.

53.    **Numerosity:** The Proposed Class is so numerous that joinder of all members is impracticable. On information and belief, DEFENDANTS have employed at least 40 individuals who satisfy the definition of the Proposed Class. These workers are geographically dispersed throughout Northern California, and the majority are low-wage, non-native English-language speakers who may lack knowledge of rights or resources to pursue an action independently and without Court notice. The Class Members are so numerous that joinder of all Class Members is impracticable. The individuals and the identity of such membership is readily ascertainable by inspection of DEFENDANTS' records.

54.    **Typicality:** PLAINTIFF's claims are typical of all other Class Members as demonstrated herein. PLAINTIFF will fairly and adequately protect the interests of the other Class Members with whom PLAINTIFF has a well-defined community of interest.

55.    **Adequacy:** PLAINTIFF will fairly and adequately protect the interests of each Class Member. PLAINTIFF has no interests that are antagonistic to the other Class Members. Proposed Class

9

Counsel are versed in the rules governing class action discovery, certification, and settlement. PLAINTIFF has incurred, and during the pendency of this action will continue to incur, costs and attorney's fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member. PLAINTIFF has retained competent counsel experienced in wage and hour class action litigation.

56.   **Predominant Common Questions**: Common questions of law and fact exist to all members of the Proposed Class and predominate over any questions solely affecting individual members of the Proposed Class.

57.   Common questions of fact and law predominate, including the following:

A.   Whether DEFENDANTS violated Labor Code §§ 204 and 204b by failing to compensate Class Members weekly, semi-monthly or bi-weekly on set pay dates;

B.   Whether DEFENDANTS are liable for penalties and damages pursuant to Labor Code § 210 as a result of its policy or practice of compensating Class Members monthly;

C.   Whether DEFENDANTS failed to compensate Class Members for all hours worked, in violation of the minimum wage and overtime laws, California Labor Code §§ 510 and 1194, and Wage Order 5;

D.   Whether DEFENDANTS compensation scheme violates Labor Code § 226.2, in that it constitutes a piece-rate system of compensation that fails to pay separately for rest breaks and for "nonproductive" time;

E.   Whether DEFENDANTS violated Labor Code § 223 by secretly paying less than the rate designated by statute or contract;

F.   Whether DEFENDANTS, as a matter of policy or practice, failed to relieve the Class of all duty for an unpaid, uninterrupted, 30-minute meal periods before the end of the 5th hour from the start of the shift, in violation of Wage Order 5, and California Labor Code §§ 226.7 and 512;

G.   Whether DEFENDANTS, as a matter of policy or practice, failed to authorize and permit the Class to take 10-minute paid rest breaks for each four (4) hour work

10

period, or major portion thereof, in violation of Wage Order 5 and California Labor Code §§ 226.2 and 226.7;

H.  Whether DEFENDANTS failed to pay the Class premium wages at the regular rate of pay for rest and meal period non-compliance, in violation of California Wage Order 5 and California Labor Code § 226.7;

I.  Whether DEFENDANTS violated Labor Code § 2802 and Wage Order 5 by failing to reimburse Class Members for expenses incurred in the discharge of their work duties;

J.  Whether DEFENDANTS failed to timely pay all wages owed to the Class upon separation of employment, in violation of California Wage Order 5 and California Labor Code §§ 201, 202, and 203;

K.  Whether DEFENDANTS complied with the recordkeeping requirements of the FLSA, 29 C.F.R. § 516.2(a), the California Labor Code, including *inter alia*, Labor Code § 1174(d), and Wage Order 5, and whether the burden of proof will shift for failing to do so;

L.  Whether DEFENDANTS failed to provide wage statements that accurately reflect all gross and net wages earned, total hours worked, total hours of compensable rest and recovery periods, the rate of compensation of compensable rest and recovery periods, the gross wages paid for compensable rest and recovery periods during the pay period, all applicable rates of pay, available sick pay, and all deductions made, in violation of California Labor Code §§ 226 and 246 *et seq.*;

M.  Whether DEFENDANTS engaged in unlawful and/or unfair business practices in violation of Business & Professions Code §§ 17200 *et seq*. and are liable to PLAINTIFF and the Class pursuant to the UCL for restitution of unpaid or underpaid statutory and/or agreed upon regular, minimum, piece rate, premium and/or contractual wages; and

N.  Whether DEFENDANTS should be enjoined from maintaining and enforcing the practices and policies that are alleged to have violated Wage Order 5, the Labor

1  Code, and California law.

2  58.  **Superiority:**  A class action is superior to other available methods for the fair and efficient

3  adjudication of the controversy, particularly in the context of wage and hour litigation where individual

4  plaintiffs lack the financial resources to vigorously prosecute separate lawsuits against corporate

5  defendants. A class action is superior to other available means for fair and efficient adjudication of class

6  members' claims and offers significant benefits to the parties and the court. A class action will allow

7  similarly situated persons to prosecute their common claims simultaneously and efficiently in a single

8  forum without the unnecessary duplication of effort and expense that numerous individual actions would

9  entail. The individual monetary amounts due to many class members may not be large enough on their

10  own for individual class members to obtain legal representation and relief. Moreover, a class action will

11  serve important public interests by enabling the non-waivable statutory rights of class members to be

12  effectively asserted, and fundamental public policies to be vindicated, in one proceeding. A class action

13  will also provide a means for vindicating the rights of workers who currently provide janitorial and

14  building maintenance labor to DEFENDANTS and are less likely to come forward to assert their rights

15  based on fears of reprisal. Finally, a class action will prevent the potential for inconsistent or contradictory

16  judgments inherent in individual litigation and address the problems inherent in random and fragmentary

17  enforcement.

18  59.  PLAINTIFF intends to send notice to all members of the Class to the extent permitted or

19  required by Federal Rule of Civil Procedure 23.

20  60.  The names and last-known contact information of Class Members are within

21  DEFENDANTS' possession or control.

22  **VII.   CLAIMS FOR RELIEF**

23  **COUNT ONE**
**FEDERAL CLAIM**

24  Fair Labor Standards Act, 29 U.S.C. §§ 207, 216(b), and 255(a)
Failure to Pay Overtime

25  (Plaintiff on Behalf of the FLSA Overtime Class Against Defendant ADS-MYERS)

26  61.  PLAINTIFF incorporates paragraphs 1 to 60 of this Complaint by reference as though fully

27  set forth herein.

28  62.  PLAINTIFF is engaged in commerce within the meaning of 29 C.F.R. § 776.11.

63.     Defendant ADS-MYERS operates a business enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r)-(s) and related Department of Labor regulations.

64.     At all relevant times herein, Defendant ADS-MYRES was required by the Fair Labor Standards Act to pay employees, including PLAINTIFF and Class Members, at one-and-a-half (1.5) times the regular rate of pay for all hours worked over 40 hours in a workweek. 29 U.S.C. § 201 *et seq.*

65.     PLAINTIFF and, on information and belief, Class Members worked at various times more than 40 hours per workweek without compensation at the overtime rate of 1.5 times the regular rate of pay.

66.     Defendant ADS-MYERS routinely required, suffered or permitted PLAINTIFF and other similarly situated employees to work more than forty (40) hours per week without paying all wages for overtime work or compensating for overtime at the rate required by the FLSA.

67.     In failing to pay their employees all overtime wages at one-and-one-half (1.5) times their regular rate of pay, Defendant ADS-MYERS willfully violated the FLSA.

68.     As a direct and proximate result of Defendant ADS-MYERS' failure to pay proper wages under the FLSA, PLAINTIFF and Class Members suffered damages in lost overtime wages in an amount to be proven at trial.

69.     Defendant ADS-MYERS intentionally, with reckless disregard for its responsibilities under the FLSA and without good cause, failed to pay PLAINTIFF and other similarly situated employees proper wages. Defendant ADS-MYERS is thus liable to PLAINTIFF and the FLSA class for liquidated damages in an amount equal to their lost wages over a three-year statute of limitations. 29 U.S.C. §§ 216(b) and 255(a).

70.     PLAINTIFF was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to the FLSA. 29 U.S.C. § 216(b).

71.     Wherefore, PLAINTIFF and the Class are entitled to relief as set forth in this complaint.

//

//

//

**COUNT TWO**
**PENDENT STATE LAW CLAIM**
Failure to Pay California Minimum Wages
Cal. Lab. Code §§ 1194, 1194.2, 1197 & Wage Order 5
(Plaintiff and a Rule 23 Class Against All Defendants)

72.     PLAINTIFF incorporates paragraphs 1 to 71 of this Complaint by reference as though fully set forth herein.

73.     PLAINTIFF brings Count Two against Defendants ADS-MYERS and K. MYERS pursuant to California Labor Code § 1194(a) to enforce the minimum wage provisions of the California Labor Code. This count is brought as a Rule 23 class claim.

74.     California Labor Code § 1182.12 establishes the following minimum wages:

A.     $10.50 per hour for the period January 1, 2017 to December 31, 2017;

B.     $11.00 per hour for the period January 1, 2018 to December 31, 2019;

C.     $12.00 per hour for the period January 1, 2019 to December 31, 2019; and

D.     $13.00 per hour for the period January 1, 2020 to December 31, 2020.

75.     California Labor Code § 1197 makes payment of a wage lower than the minimum wage fixed by the IWC or by any applicable state or local law to be unlawful.

76.     Under California Labor Code § 223, employers are prohibited from secretly paying less than the rate established by contract or statute while purporting to pay the required statutory or contractual rates.

77.     Further, Wage Order 5 requires the payment of the legal minimum for all hours worked.

78.     Wage Order 5 defines "hours worked" as "the time during which an employee is subject to the control of the employer, [which] includes all the time the employee is suffered or permitted to work, whether or not required to do so."

79.     Under Labor Code § 226.2, where an employer uses a piece-rate or production-based system of pay, employers must provide separate compensation for rest periods and separate compensation for activities that are not compensated by the piece rate (i.e. compensable "nonproductive" time). Rest period time is counted as "hours worked" and must be paid. Similarly, compensable "nonproductive" time constitutes "hours worked."

80.     At all times relevant to this action, DEFENDANTS failed to pay PLAINTIFF and others

14

similarly situated at least the mandated applicable California minimum wage for all "hours worked." While PLAINTIFF was initially promised $14.00 per hour for her labor, she was ultimately paid a flat rate for each month. On information and belief, PLAINTIFF alleges that Class Members were also paid in this manner. This compensation system resulted in DEFENDANTS' failure to compensate PLAINTIFF and others similarly situated for all hours worked each workday and failure to compensate Class Members for all compensable activities.

81.     Pursuant to Labor Code § 1194.2, because PLAINTIFF seeks to recover wages in this action resulting from DEFENDANTS' payment of a wage less than the minimum wage fixed by an order of the commission or by statute, PLAINTIFF and the Class Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

82.     The violation of Labor Code §§ 223, 226.2, and 1194 and Wage Order 5 constitute predicate violations under PAGA.

83.     As such, PLAINTIFF seeks, on behalf of herself and others similarly situated, unpaid minimum wages, interest thereon, awards of reasonable costs and attorneys' fees, as well as liquidated damages.

**COUNT THREE**
**PENDENT STATE LAW CLAIM**
Failure to Pay California Overtime Wages
Cal. Lab. Code §§ 510 and 1194, & Wage Order 5
(Plaintiff and a Rule 23 Class Against All Defendants)

84.     PLAINTIFF incorporates paragraphs 1 to 83 of this Complaint by reference as though fully set forth herein.

85.     At all relevant times, DEFENDANTS have been subject to Labor Code and Wage Order provisions requiring overtime compensation, including the applicable Wage Orders and Labor Code sections 510, 1194, 1198. California law requires overtime compensation at the rate of one and one-half (1.5) times the regular rate of pay for hours in excess of eight (8) in a workday and 40 in a workweek. Similarly, these overtime provisions require overtime pay at the rate of twice the regular rate of pay for hours in excess of 12 in a workday and eight (8) on any seventh day of a workweek (i.e., doubletime pay).

86.     At all times relevant to this action, PLAINTIFF and, on information and belief, the Class

15

Members have worked in excess of eight (8) hours in a workday, 40 hours in a workweek, and eight hours on the seventh day of the workweek without compensation for all hours worked at the required overtime rates.

87. The violations described herein serve as predicate violations under PAGA.

88. Wherefore, PLAINTIFF seeks unpaid wages, interest, costs and attorneys' fees in amounts to be proven at trial on behalf of herself and the Class Members.

**COUNT FOUR**
**PENDENT STATE LAW CLAIM**
Failure to Pay Weekly, Semi-Monthly or Bi-Weekly
Cal. Lab. Code §§ 98, 204, 204b and 210
(Plaintiff and a Rule 23 Class Against Defendant ADS-MYERS)

89. PLAINTIFF incorporates paragraphs 1 to 88 of this Complaint by reference as though fully set forth herein.

90. California Labor Code § 204(a) provides as follows:

All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month. However, salaries of executive, administrative, and professional employees of employers covered by the Fair Labor Standards Act, as set forth pursuant to Section 13(a)(1) of the Fair Labor Standards Act, as amended through March 1, 1969, in Part 541 of Title 29 of the Code of Federal Regulations, as that part now reads or may be amended to read at any time hereafter, may be paid once a month on or before the 26th day of the month during which the labor was performed if the entire month's salaries, including the unearned portion between the date of payment and the last day of the month, are paid at that time.

91. An exception to twice-monthly compensation for non-exempt workers is found in California Labor Code § 204b, which provides in pertinent part as follows:

Section 204 shall be inapplicable to employees paid on a weekly basis on a regular day designated by the employer in advance of the rendition of services as the regular payday....

92. Under California law, employers must pay workers on a weekly or twice-monthly basis. DEFENDANTS violate this requirement by compensating PLAINTIFF and Class Members on a monthly basis.

93. PLAINTIFF brings this claim on behalf of the Class Members under Labor Code §§ 98,

204 and 210.

94.     DEFENDANTS are liable for penalties payable to PLAINTIFF and the Class Members pursuant to Labor Code § 210. "For any initial violation, one hundred dollars ($100) for each failure to pay each employee [ ] For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld." Cal. Labor Code § 210(a).

95.     The violation of Labor Code § 204 also constitutes a predicate violation for PAGA, and under Labor Code § 210, penalties are alternatively recoverable under the provisions of PAGA.

96.     Wherefore, PLAINTIFF seeks penalties, damages and all remedies available under Labor Code §§ 98 and 210 according to proof on behalf of herself and all Class Members.

**COUNT FIVE**
**PENDENT STATE LAW CLAIM**
Failure to Provide Meal Periods, or Premium Wages in Lieu Thereof
Cal. Lab. Code §§ 226.7, 512 & Wage Order 5
(Plaintiff and a Rule 23 Class Against All Defendants)

97.     PLAINTIFF incorporates paragraphs 1 to 96 of this Complaint by reference as though fully set forth herein.

98.     PLAINTIFF brings Count Five against Defendants ADS-MYERS and K. MYERS pursuant to California Labor Code §§ 226.7 and 512 to enforce the meal period provisions of the California Labor Code. This count is brought as a Rule 23 class claim.

99.     California Labor Code § 512 and Wage Order 5 impose an affirmative obligation on employers to provide employees with an uninterrupted, duty-free, meal period of at least 30 minutes for each work period of five (5) or more hours before the end of the 5th hour of work.

100.    Labor Code § 226.7 and Wage Order 5 require employers to pay employees an additional hour of premium wages at the employee's regular rate of compensation on each workday that the employee is not provided with a meal period.

101.    DEFENDANTS failed to relieve PLAINTIFF and others similarly situated of all duties for uninterrupted meal periods of at least 30 minutes before the end of their 5th hour of work.

102.    DEFENDANTS failed to pay premium wages for each workday in which PLAINTIFF and others similarly situated were not provided an uninterrupted and timely 30-minute meal period during

1   which the employees were relieved of all duty.

2   103.    At all times relevant to this action, DEFENDANTS have maintained policies and practices

3   with respect to employee scheduling and meal periods that prevent PLAINTIFF and others similarly

4   situated from being relieved of all duties for an uninterrupted meal period.

5   104.    As a result of DEFENDANTS' meal period practices, PLAINTIFF and others similarly

6   situated are entitled to receive premium wage compensation in an amount equal to one hour of additional

7   wages at the regular rate of pay for each workday that DEFENDANTS failed to provide PLAINTIFF and

8   others similarly situated lawful meal periods pursuant to Labor Code § 226.7.

9   105.    The violation of the meal period provisions of Labor Code §§ 226.7 and 512 and Wage

10  Order 5 serve as predicates for civil penalties under PAGA.

11  106.    As such, PLAINTIFF seeks, on behalf of herself and others similarly situated, premium

12  wages, interest thereon, and an award of reasonable costs.

13  **COUNT SIX**
    **PENDENT STATE LAW CLAIM**

14  Failure to Provide Rest Breaks, or Premium Wages in Lieu Thereof
    Cal. Lab. Code §§ 226.2, 226.7 & Wage Order 5

15  (Plaintiff and Rule 23 Class Against All Defendants)

16  107.    PLAINTIFF incorporates paragraphs 1 to 106 of this Complaint by reference as though

17  fully set forth herein.

18  108.    PLAINTIFF brings Count Six against DEFENDANTS pursuant to California Labor Code

19  § 226.7 to enforce the rest break provisions of the California Labor Code. This count is brought as a Rule

20  23 class claim.

21  109.    Wage Order 5 imposes an affirmative obligation on employers to permit and authorize

22  employees to take required uninterrupted rest breaks at a rate of no less than ten (10) minutes for each

23  four (4) hour work period, or major fraction thereof, that must be in the middle of each work period

24  insofar as is practicable.

25  110.    California Labor Code § 226.7 and Wage Order 5 require employers to pay non-exempt

26  employees an additional hour of premium wages at the employee's regular rate of compensation on each

27  workday that the employee is not provided with a rest break.

28  111.    DEFENDANTS did not authorize and permit PLAINTIFF and others similarly situated to

18

take uninterrupted rest breaks of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, and failed to pay premium wages in lieu of providing lawful rest breaks on such workdays.

112.    California Labor Code § 226.2 requires employers to compensate employees who are paid on a piece-rate basis for their rest breaks and recovery periods and other nonproductive time separate from any piece-rate compensation. PLAINTIFF alleges that at all times relevant to this action DEFENDANTS failed separately compensate PLAINTIFF and Class Members for any rest breaks, recovery periods, and other nonproductive time separate from their piece rate compensation.

113.    At all times relevant to this action, DEFENDANTS have maintained policies and practices with respect to employee scheduling and rest breaks that have failed to authorize and/or reasonably permit PLAINTIFF and the Class from being relieved of all duties for an uninterrupted rest break of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, and which fail to pay them premium wages on workdays in which they are not provided a lawful rest breaks.

114.    As a result of DEFENDANTS' rest break practices, PLAINTIFF and the Class are entitled to receive premium wage compensation in an amount equal to one hour of additional wages at the regular rate of pay for each workday that DEFENDANTS failed to provide PLAINTIFF lawful, paid rest breaks pursuant to Labor Code §§ 226.7 and 226.2.

115.    DEFENDANTS' violation of Wage Order 5 and Labor Code §§ 226.7 and 226.2 governing rest breaks serves as a predicate for civil penalties under PAGA.

116.    As such, PLAINTIFF seeks, on behalf of herself and others similarly situated, premium wages, interest thereon, and an award of reasonable costs.

**COUNT SEVEN**
**PENDENT STATE LAW CLAIM**
Failure to Indemnify for Necessary Business Expenditures
Cal. Lab. Code § 2802 and Wage Order 5
(Plaintiff and a Rule 23 Class Against All Defendants)

117.    PLAINTIFF incorporates paragraphs 1 to 116 of this Complaint by reference as though fully set forth herein.

118.    PLAINTIFF brings Count Seven against DEFENDANTS pursuant to California Labor Code § 2802 to enforce the reimbursement and indemnification for business expenses provisions of the

19

1  California Labor Code. This count is brought as a Rule 23 class claim.

2       119.    California Labor Code § 2802 requires that all employers indemnify their employees for

3  "all necessary business expenditures or losses incurred by the employee in direct consequence of the

4  discharge of his or her duties…."

5       120.    At all times relevant to this action, PLAINTIFF and others similarly situated incurred

6  necessary expenses in direct consequence of the discharge of their duties including, but not limited to,

7  mileage, purchase of cleaning supplies, use of their own equipment, and cell phone use.

8       121.    At all times relevant to this action, DEFENDANTS failed to reimburse PLAINTIFF and

9  others similarly situated for the expenditures they incurred, in violation of California Labor Code

10  § 2802.

11       122.    The violation of Labor Code § 2802 and Wage Order 5 requiring reimbursement serves

12  as a predicate violation of PAGA giving rise to civil penalties.

13       123.    As such, PLAINTIFF seeks, on behalf of herself and others similarly situated, full

14  reimbursement of necessary business expenditures, interest thereon, and awards of reasonable costs and

15  attorneys' fees.

16  **COUNT EIGHT**
   **PENDENT STATE LAW CLAIM**

17  Failure to Furnish Accurate Itemized Wage Statements
   Cal. Lab. Code §§ 226, 226.2, 246 & Wage Order 5

18  (Plaintiff and a Rule 23 Class Against All Defendants)

19       124.    PLAINTIFF incorporates paragraphs 1 to 122 of this Complaint by reference as though

20  fully set forth herein.

21       125.    PLAINTIFF bring Count Eight against DEFENDANTS pursuant to California Labor Code

22  §§ 226, 226.2 and 246 to enforce the wage statement provisions of the California Labor Code. This count

23  is brought as a Rule 23 class claim.

24       126.    At all times relevant to this action, the wage statements provided by DEFENDANTS to

25  PLAINTIFF and the Class failed to contain accurate information required by California Labor Code

26  §§ 226, 226.2, as well as information required under the Healthy Workplaces, Healthy Families Act of

27  2014, California Labor Code §§ 246, *et seq.*

28       127.    DEFENDANTS' wage statements failed to state the hours worked, the rates of pay, the

corresponding hours, and the applicable piece rates. In addition, because DEFENDANTS failed to compensate for all hours worked and failed to pay overtime, the wage statements inaccurately stated gross and net wages earned and omitted overtime earnings.

128.   At all times relevant to this action, DEFENDANTS have furnished PLAINTIFF and others similarly situated with inaccurate itemized wage statements during pay periods in which they earned piece rate compensation. Wage statements fail to separately state the total hours of compensable rest and recovery periods, the rate of compensation of compensable rest and recovery periods, and the gross wages paid for compensable rest and recovery periods during the pay period.

129.   Additionally, when PLAINTIFF and others similarly situated earned piece rate compensation, their itemized wage statements failed to separately state the total hours of nonproductive time, the rate of compensation of nonproductive time, and the gross wages paid for nonproductive time during the pay period.

130.   DEFENDANTS also failed to accurately state the amount of accrued paid sick days available to PLAINTIFF and others similarly situated in either itemized wage statements or a separate writing given each pay period.

131.   At all times relevant to this action, DEFENDANTS' failure to provide accurate itemized wage statements has been knowing and intentional, in that DEFENDANTS have had the ability to provide accurate itemized wage statements, but have instead knowingly and intentionally provided inaccurate wage statements as a result of policies and practices that failed to keep accurate records of all hours worked, the total amount of minimum and premium wages owed, and all applicable rates of pay.

132.   At all times relevant to this action, PLAINTIFF and the Class have suffered injuries due to DEFENDANTS' failure to provide accurate itemized wage statements in that, among other things, their legal rights to receive accurate itemized wage statements have been violated, they have been misled about the amounts of wages they have earned, they have been prevented from immediately challenging allegedly unlawful pay practices, they have needed or will need to reconstruct time and pay records and perform mathematical computations to determine the amounts of wages they have earned or the applicable rates of pay, and/or have had inaccurate information about their wages and deductions submitted to government agencies. Further, PLAINTIFF and Class Members are deemed to have suffered

injury under Labor Code § 226 for the violations of that provision described herein.

133.    Pursuant to California Labor Code § 226(e), PLAINTIFF seeks to recover, on behalf of herself and Class Members, the greater of actual damages or $50 for the initial pay period in which a violation occurred, the greater of actual damages or $100 for each violation in a subsequent pay period, up to the greater of actual damages or an aggregate $4,000 penalty, as well as awards of reasonable attorneys' fees and costs, all in amounts subject to proof.

134.    The violation of the requirements of Labor Code §§ 226, 226.2 and 246 serve as predicates for PAGA penalties.

135.    As such, PLAINTIFF seeks, on behalf of herself and others similarly situated, statutory wage statement penalties, and awards of reasonable costs and attorneys' fees.

**COUNT NINE**
**PENDENT STATE LAW CLAIM**
Failure to Timely Pay Final Wages at Resignation or Termination
Cal. Lab. Code §§ 201-203 & Wage Order 5
(Plaintiff and a Rule 23 Class Against All Defendants)

136.    PLAINTIFF incorporates paragraphs 1 to 134 of this Complaint by reference as though fully set forth herein.

137.    PLAINTIFF brings Count Nine against DEFENDANTS pursuant to California Labor Code §§ 201-203 to enforce the provisions governing the prompt payment of wages upon the separation of employment of the California Labor Code. This count is brought as a Rule 23 class claim.

138.    California Labor Code § 201 provides that all of the earned and unpaid wages of an employee who is discharged become due and payable immediately at the time of discharge.

139.    California Labor Code § 202 provides that all of the earned and unpaid wages of an employee who quits become due and payable at the time of quitting if the employee gives at least seventy-two (72) hours' notice before quitting, or within seventy-two (72) hours of quitting if the employee gives less than seventy-two (72) hours' notice before quitting.

140.    California Labor Code § 203 provides that the wages of a terminated employee will continue as a penalty for up to thirty (30) calendar days if the employer willfully fails to timely pay any earned and unpaid wages to the employee in the times set forth in Labor Code §§ 201-202.

141.    By failing to pay PLAINTIFF and others similarly situated earned minimum, regular,

piece rate, rest and meal premiums and overtime wages timely upon termination or resignation, DEFENDANTS failed to timely pay PLAINTIFF and others similarly situated all earned and unpaid wages in violation of California Labor Code §§ 201 and 202.

142.    At all times relevant to this action, DEFENDANTS' failure to pay earned and unpaid wages in violation of California Labor Code §§ 201 and 202 has been willful in that DEFENDANTS have had the ability to fully comply with the requirements set forth in those statutes, but have deliberately chosen to maintain policies and practices with respect to payroll that are incompatible with those requirements.

143.    Pursuant to California Labor Code § 203, PLAINTIFF seeks up to thirty (30) days of wages as waiting time penalties in amounts subject to proof.

144.    The violation of sections 201-203 of the Labor Code serves as predicates for PAGA penalties.

145.    As such, PLAINTIFF seeks, on behalf of herself and others similarly situated, statutory waiting time penalties and an award of reasonable costs.

**COUNT TEN**
**PENDENT STATE LAW CLAIM**
California's Unfair Competition Law
Cal. Bus. & Prof. Code §§ 17200 *et seq.*
(Plaintiff and a Rule 23 Class Against All Defendants)

146.    PLAINTIFF incorporates paragraphs 1 to 144 of this Complaint by reference as though fully set forth herein.

147.    PLAINTIFF hereby brings Count Ten against DEFENDANTS pursuant to California Business & Professions Code §§ 17200 *et seq.* to enforce the provisions prohibiting unlawful and/or unfair business practices of the California Business & Professions Code.

148.    California Business and Professions Code §§ 17200 *et seq.* defines "unfair competition" to include any unlawful business practice.

149.    California Business and Professions Code § 17203 allows a person who has lost money or property as a result of unfair competition to bring an action to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

150.    PLAINTIFF sues on behalf of herself and others similarly situated pursuant to California

Business and Professions Code §§ 17200 *et seq.* PLAINTIFF and others similarly situated suffered injury-in-fact and have lost money as a result of DEFENDANTS' unfair competition alleged herein. Specifically, PLAINTIFF and others similarly situated were not paid minimum wages as required by California Labor Code §§ 1182.12, 1194, 1197, 1198, and Wage Order 14(3); PLAINTIFF and others similarly situated were denied overtime wages in violation of the FLSA and Labor Code § 510; PLAINTIFF and others similarly situated were not provided with meal periods, and/or premium wages in lieu thereof, in violation of California Labor Code § 226.7 and Wage Order 5; PLAINTIFF and others similarly situated were not provided with rest breaks, and/or premium wages in lieu thereof, in violation of California Labor Code § 226.7 and Wage Order 5; PLAINTIFF and others similarly situated were not indemnified for necessary business expenditures, in violation of California Labor Code § 2802; PLAINTIFF and others similarly situated were not provided accurate itemized wage statements in violation of California Labor Code §§ 226 and 226.2; and PLAINTIFF and others similarly situated were not paid all wages due upon termination or resignation in violation of California Labor Code §§ 201 and 202.

151.    Pursuant to California Business and Professions Code § 17203, PLAINTIFF seeks, on behalf of herself and others similarly situated, restitution of all moneys and property, including, but not limited to, earned minimum and premium wages that DEFENDANTS either acquired, and/or may have acquired, from them by means of unfair competition in amounts subject to proof at trial.

152.    On information and belief, at all times relevant to this action, DEFENDANTS have either acquired, or may have acquired, money or property in the form of earned minimum wages and premium wages from PLAINTIFF and members of the Class by means of unfair competition as a result of DEFENDANTS' unlawful failure to pay them those wages, and related failures to maintain accurate records, indemnify for necessary business expenditures, or timely pay final wages at resignation or termination, in violation of the requirements of the California Labor Code and Wage Order 5. DEFENDANTS, by the acts or omissions alleged of herein, have injured and are injuring the interests of the general public in that other employers who have been or currently are employing janitors and building maintenance workers and attempting to do so in honest compliance with applicable wage and hour laws, including the laws violated by DEFENDANTS, are at an unfair competitive disadvantage as a result of

DEFENDANTS' conduct.

153.    As such, PLAINTIFF seeks, on behalf of herself and others similarly situated, an injunction restraining DEFENDANTS from maintaining and enforcing the unfair and/or unlawful practices and policies that have resulted in the violations complained of herein, restitution of PLAINTIFF'S and the Class' wages, and the economic value of benefits unlawfully denied them by DEFENDANTS.

154.    In addition, because PLAINTIFF is enforcing important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5, they seek payment of attorneys' fees and costs.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment against DEFENDANTS and relief as follows:

A.    That the Court assume supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367;

B.    That the Court certify the FLSA Opt-In Class defined herein;

C.    For an order appointing PLAINTIFF as class representative, and PLAINTIFF's Counsel as class counsel;

D.    Under Count One: Grant judgment against Defendant ADS-MYERS and award overtime, interest and liquidated damages, plus attorney's fees and cost of suit pursuant to 29 U.S.C. sections 206, 207 and 216;

E.    Under Count Two: Grant judgment against Defendants ADS-MYERS and K. MYERS, jointly and severally, and in favor of PLAINTIFF and the Class, for violations of California Labor Code §§ 1182.11-1182.13, 1194, and 1197; award PLAINTIFF and the Class the full unpaid balance of their wages owed, as well as liquidated damages in the amount of their minimum wage loss, during the Class Period for the violation of their right to minimum wages pursuant to California Labor Code §§ 1194, 1194.2 and 1197; issue an appropriate injunctive relief order, including an order requiring DEFENDANTS to comply with California's minimum wage requirements; find K. MYERS liable under Labor Code § 558.1; and award attorneys' fees and costs to PLAINTIFF and the Class pursuant to California Labor Code § 1194(a).

Class Action Complaint; Demand for Jury Trial

1         F.      Under Count Three: Grant judgment against Defendants ADS-MYERS and K. MYERS,

2   jointly and severally, and in favor of PLAINTIFF and the Class, for violation of Labor Code § 510 for

3   failure to pay overtime wages; award PLAINTIFF and the Class the full unpaid balance of their

4   overtime wages owed and interest pursuant to California Labor Code §§ 1194 and 510; order

5   appropriate injunctive relief, including an order requiring DEFENDANTS to comply with California's

6   overtime requirements; find Defendant K. MYERS liable under Labor Code § 558.1; and award

7   attorneys' fees and costs pursuant to California Labor Code § 1194(a) to PLAINTIFF'S and the Class.

8         G.      Under Count Four: Grant judgment in favor of PLAINTIFF and the Class against

9   Defendant ADS-MYERS under Labor Code §§ 98 and 210; and award penalties and damages under

10  Labor Code § 210 to PLAINTIFF and the Class.

11        H.      Under Count Five: For judgment against Defendants ADS-MYERS and K. MYERS,

12  jointly and severally, and in favor of PLAINTIFF and the Class, for violation of Labor Code §§ 226.7

13  and 512; for and award to PLAINTIFF and the Class of the full unpaid balance of their premium wages

14  owed during the Class Period; for appropriate injunctive relief, including an order requiring

15  DEFENDANTS to comply with California's meal period requirements; and a finding that Defendant K.

16  MYERS is liable under Labor Code § 558.1.

17        I.      Under Count Six: Grant judgment against Defendants ADS-MYERS and K. MYERS,

18  jointly and severally, and in favor of PLAINTIFF and the Class, for violations of California Labor Code

19  § 226.7; award PLAINTIFF and the Class the full unpaid balance of their premium wages owed during

20  the Class Period; order appropriate injunctive relief, including an order requiring DEFENDANTS to

21  comply with California's rest break requirements; and find that Defendant K. MYERS is liable under

22  California Labor Code § 558.1.

23        J.      Under Count Seven: Grant judgment against Defendants ADS-MYERS and K. MYERS,

24  jointly and severally, and in favor of PLAINTIFF and the Class, for violations of California Labor Code

25  § 2802; award PLAINTIFF and the Class reimbursement of all monies spent on work-related expenses

26  during the Class Period, plus interest from the date the business expense was incurred; order appropriate

27  injunctive relief, including an order requiring DEFENDANTS to comply with California's expense

28  reimbursement requirements; award attorneys' fees and costs pursuant to PLAINTIFF and the Class

pursuant to California Labor Code § 2802(c); and find that Defendant K. MYERS is liable under Labor Code § 558.1

K.     Under Count Eight: Grant judgment against Defendants ADS-MYERS and K. MYERS, jointly and severally, and in favor of PLAINTIFF and the Class, for violation of California Labor Code §§ 226 and 226.2; award PLAINTIFF and the Class receive the greater of their actual damages or $50 for the initial pay period in which a wage statement violation occurred, the greater of actual damages or $100 for each wage statement violation in a subsequent pay period, up to the greater of actual damages or an aggregate $4,000 penalty; order appropriate injunctive relief, including an order requiring DEFENDANTS to comply with California's wage statement requirements; find that Defendant K. MYERS is liable under Labor Code section 558.1; and award  attorneys' fees and costs pursuant to PLAINTIFF and the Class pursuant to California Labor Code §§ 226(e) and 226(h).

L.     Under Count Nine: Grant judgment against Defendants ADS-MYERS and K. MYERS, jointly and severally, and in favor of PLAINTIFF and the Class, for violations of California Labor Code §§ 201, 202 and 203; award PLAINTIFF and the Class waiting time penalties pursuant to California Labor Code § 203 in the amount of one day's wages, up to a maximum of 30 day's wages, per employee who was terminated or left their employment with DEFENDANTS without timely receiving all outstanding wages due to them on each such termination or separation of employment; issue an order granting appropriate injunctive relief, including an order requiring DEFENDANTS to comply with the requirement to timely pay all wages owing within the time periods set by California Labor Code §§ 201 and 202; and find that Defendant K. MYERS is liable under Labor Code § 558.1.

M.     Under Count Ten:  Grant judgment against Defendants ADS-MYERS and K. MYERS, jointly and severally, and in favor of PLAINTIFF and the Class, for violations of California Business & Professions Code §§ 17200 *et seq.* such that:

   i.  PLAINTIFF and the Class receive all wages that they were unlawfully deprived of due to DEFENDANTS' unfair business practices;

   ii.  PLAINTIFF and the Class recover wages as equitable relief for a period that extends the statute of limitations or recovery period for wages to four (4) years;

   iii.  For declaratory judgment that the actions, conduct, and practices of

27

1   DEFENDANTS complained of herein constitute unfair business practices under

2   California Business & Professions Code §§ 17200 *et seq.*;

3       iv.    For an injunction and order permanently restraining and enjoining

4       DEFENDANTS from engaging in and continuing the unlawful and/or unfair

5       policies and practices complained of herein;

6       v.    Award attorneys' fees and costs pursuant to California Code of Civil Procedure

7       § 1021.5, as PLAINTIFF is enforcing an important right affecting the public

8       interest.

9   N.    Awarding PLAINTIFF and the Class pre-judgment interest of ten percent (10%) on the

10   unpaid wages and compensation and the unreimbursed expenses owed to PLAINTIFF and the Class

11   under California Civil Code §§ 3287(a) and 3289(b), California Labor Code §§ 218.6, 1194 and

12   2802(b), and/or any other applicable provision providing for interest;

13   O.    Granting declaratory relief as appropriate;

14   P.    Casting all costs upon DEFENDANTS; and

15   Q.    Awarding any such other and further relief, at law or in equity, as the Court deems just

16   and proper.

17   **IX.    <u>DEMAND FOR JURY TRIAL</u>**

18   Plaintiff demands trial by jury on claims so triable.

19   Dated: March 11, 2020    **ADVOCATES FOR WORKER RIGHTS LLP**

20       By: */s/ Marco A. Palau*

21       MARCO A. PALAU

22   Dated: March 11, 2020    **LEVY VINICK BURRELL HYAMS LLP**

23       By: */s/ Sharon R. Vinick*

    SHARON R. VINICK

24   Dated: March 11, 2020    **LAW OFFICES OF REBECCA G. KAGIN**

25       By: */s/ Rebecca G. Kagin*

26       REBECCA G. KAGIN

27       Attorneys for Plaintiff

28