UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY QUIROZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ADS-MYERS, INC., et al.,<br><br>    Defendants. | Case No. 20-cv-01755-JD<br><br>**ORDER RE MOTION TO DISMISS**<br><br>Re: Dkt. No. 31 |

Two motions are pending in this putative class action lawsuit against defendants ADS-MYERS, Inc., and Karoline Myers (collectively, ADS) for alleged violations of federal and California state wage and hour laws. ADS asked to compel arbitration of named plaintiff Jenny Quiroz's claims pursuant to an arbitration agreement in an employment contract. Dkt. No. 32. That motion raised contract formation questions requiring a bench trial. *See* Dkt. No. 39. The Court will file shortly the findings of fact and conclusions of law for the bench trial.

This order resolves ADS's motion to dismiss the claims of named plaintiff Brayan Barrios under Federal Rule of Civil Procedure 12(b)(1). Dkt. No. 31-1. Barrios is not said to have signed a contract with an arbitration agreement, and so the arbitration order will affect only Quiroz and her claims.

The thrust of ADS's motion is that Barrios lacks standing to sue because he was never an ADS employee. *Id*. at 4. The parties' familiarity with the record is assumed, and the motion is denied.

The reason for the denial is straightforward. The second amended complaint (SAC) alleges that Barrios was "employed" by ADS as a janitor, that he was a "non-exempt employee," and that he "regularly worked more than eight (8) hours in a workday" and "more than 40 hours

per workweek" for ADS.  Dkt. No. 30 ¶¶ 18(B)-(C), 19-20.  ADS proffered evidence indicating that it has no records of employing Barrios.  *See* Dkt. Nos. 31-3, 31-4, 31-5.  Barrios responded with representations that he will be able to demonstrate an employment relationship with ADS.  *See* Dkt. No. 36 at 4-9.

This is a quintessential dispute of fact that the Court declines to resolve in the Rule 12(b) context.  This outcome is particularly warranted under Rule 12(b)(1) when, as here, "the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action."  *Patel v. Facebook, Inc.*, 290 F. Supp. 3d 948, 952 (N.D. Cal. 2018) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)).

The better course of action is a motion for summary judgment based on a well-developed factual record.  Consequently, the motion is denied without prejudice.  ADS may file a summary judgment motion as developments warrant.

**IT IS SO ORDERED.**

Dated:  September 24, 2021

JAMES DONATO
United States District Judge