UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNY QUIROZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ADS-MYERS, INC., et al.,<br><br>    Defendants. | Case No. 20-cv-01755-JD<br><br>**ORDER RE MOTION TO SET ASIDE DISMISSAL** |

This putative class action was stayed pending arbitration on September 29, 2021. Dkt. No. 63. The parties were directed to file joint status reports on the arbitration every 90 days. *Id.* at 9. More than one year passed, and nothing was filed on the ECF docket.

On January 11, 2023, the Court ordered the parties to file a joint status update by January 18, 2023, and warned that "[a] failure to meet this deadline will result in a dismissal of the complaint and closure of the case under Federal Rule of Civil Procedure 41(b)." Dkt. No. 64. The deadline passed, and again nothing was filed. On January 24, 2023, the Court dismissed the case with prejudice under Rule 41(b) for failure to prosecute and failure to follow the Court's orders. Dkt. No. 65.

On January 31, 2023, plaintiffs suddenly resurfaced and asked to set aside the dismissal pursuant to Rule 60(b)(1). Dkt. No. 66. Plaintiffs say their neglect is excusable, and the "draconian" sanction of dismissal is unwarranted, because the ECF notification from the Court's January 11 order was marked as "junk mail" in their email systems. Dkt. No. 66-1 at 1. Plaintiffs also say that they were engaged in settlement discussion with defendant ADS-Myers when the Court dismissed the case, *id.* at 2, but ADS-Myers says it heard nothing from plaintiffs on settlement between February 2021 and December 2022. Dkt. No. 67 at 4; Dkt. No. 69.

The statement by ADS-Myers gives the Court some pause in accepting plaintiffs' explanations. The junk mail excuse in particular seems doubtful. There were more than 60 ECF entries and notifications sent before the January 11 order that plaintiffs received with no apparent problems. There were several more ECF entries and notifications after the order, which also did not give rise to any complaints by plaintiffs. In any event, plaintiffs had plenty of notice of the Court's orders and the consequences of not complying with them. The Court was not obliged to warn plaintiffs again of the ramifications for failing to comply. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987). The request to set aside the dismissal is denied for lack of good cause.

**IT IS SO ORDERED.**

Dated: June 14, 2023

JAMES DONATO
United States District Judge